1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS SHANE THOMPSON,

                Petitioner,

    v.

RON HAYNES,

                Respondent.

Case No. C16-1369-TSZ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

      Petitioner Curtis Thompson has submitted to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks to challenge three King County Superior Court judgments. Petitioner is currently in custody with respect to two of those judgements, and the third judgment, which was entered in 1985, has since expired. Respondent filed an answer to the petition together with relevant portions of the state court record, and petitioner filed a response to respondent's answer. Included in petitioner's response were motions for an evidentiary hearing and for appointment of counsel for purposes of developing the claims asserted in the petition. This Court, having reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be

REPORT AND RECOMMENDATION
PAGE - 1

dismissed as untimely, and that his pending motions should be stricken as moot.

## FACTUAL BACKGROUND

The Washington Court of Appeals summarized the facts underlying petitioner's convictions as follows:

> In 1985, Curtis Thompson was convicted of raping four women. He served 18 years in prison. The State petitioned to commit him as a sexually violent predator. Thompson testified, taking full responsibility for the 1985 rapes. A jury found the State had not met it burden for civil commitment, and Thompson was released in 2003. Ten months later, Thompson engaged in the series of violent crimes that are the subject of this appeal.
>
> First, Thompson was arrested on August 23, 2004, and charged with burglary in the first degree, robbery in the second degree, two counts of assault in the first degree with sexual motivation, attempted indecent liberties, three counts of unlawful imprisonment with sexual motivation, and attempt to disarm a police officer. These charges arose from Thompson's conduct in accosting Lisa R., Megan K., and Richard B. [footnote omitted] The information alleged that Thompson approached the two women outside Lisa's apartment building. He punched Lisa in the face, grabbed her purse, and chased both women into an elevator, where he ordered Megan to remove her shirt and bra, took Lisa's wedding ring and other property, and threatened both with further physical harm. When Richard attempted to come to their aid, Thompson punched him in the head and held him in the elevator. Later, in his attempt to escape, Thompson assaulted two police officers and attempted to take one officer's weapon. He was taken into custody.
>
> The State later amended the information to charge Thompson with the earlier rape of Bernadette M., which occurred on August 17, 2004. The information alleged that Thompson entered her home through a window, repeatedly raped her, rubbed bleach onto her body in an apparent attempt to obliterate evidence, and took her car. He was charged with burglary in the first degree, rape in the first degree, and taking a motor vehicle without permission.
>
> In a separate information, the State charged Thompson with murder in the first degree in the death of Deborah B., whose DNA was found on the pants Thompson was wearing when he was arrested on August 23 and whose body was found on August 26. The State pursued alternative theories of intentional murder and felony murder predicated on rape in the first or second degree or burglary in the first degree.
>
> Each incident was separately tried. The juries found Thompson guilty of

REPORT AND RECOMMENDATION
PAGE - 2

all charges except attempted disarming of a police officer.  The jury found that the burglary and unlawful imprisonment in the first case and the murder in the third case were committed with sexual motivation.

Thompson's convictions resulted in five life sentences without the possibility of parole, plus several lesser terms.

(Dkt. 20, Ex. 4 at 2-3.)

PROCEDURAL HISTORY

Petitioner appealed his 1985 judgment and sentence to the Washington Court of Appeals, and that court affirmed petitioner's convictions on August 17, 1987.  (*Id.*, Ex. 5.)  Petitioner thereafter sought review in the Washington Supreme Court, and that court denied review without comment on January 5, 1988.  *See State v. Thompson*, 109 Wn.2d 1027 (1988), 1988 WL 632379.  In December 2005, petitioner filed a federal habeas petition challenging his 1985 King County judgment and sentence.  *See Thompson v. Gregoire*, C05-2063-MJP, Dkt. 1.  The petition was subsequently dismissed as untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).  *See id.*, Dkts. 23, 25 and 26.

In November 2006, petitioner filed a motion to vacate his 1985 judgment and sentence in King County Superior Court.  (Dkt. 20, Ex. 8.)  The motion was subsequently transferred to the Washington Court of Appeals for consideration as a personal restraint petition, and that court dismissed the petition as time barred in March 2007.  (*Id.*, Exs. 9 and 10.)  Petitioner thereafter sought review by the Washington Supreme Court, and the Supreme Court Commissioner denied petitioner's motion for discretionary review in May 2007.  (*Id.*, Exs. 11 and 12.)  Petitioner moved to modify the Commissioner's ruling, but that motion was denied in September 2007.  (*Id.*, Exs. 13 and 14.)  A certificate of finality was issued in petitioner's personal restraint proceedings in October 2007.  (*Id.*, Ex. 15.)

REPORT AND RECOMMENDATION
PAGE - 3

Petitioner filed a second personal restraint petition challenging his 1985 judgment and sentence in the Washington Court of Appeals in January 2008, and that court dismissed the petition as time barred in February 2008. (Dkt. 20, Exs. 16 and 17.) Petitioner again sought review in the Washington Supreme Court, and the Supreme Court Commissioner again denied review. (*Id.*, Exs. 18 and 19.) The Court of Appeals issued a certificate of finality in petitioner's second personal restraint proceedings in September 2008. (*Id.*, Ex. 20.)

In January 2009, petitioner sought to challenge his 1985 judgment and sentence a third time in the Washington Court of Appeals, and for a third time the court rejected petitioner's collateral attack as time barred under state law. (*See id.*, Exs. 21 and 24.) Petitioner moved for discretionary review in the Washington Supreme Court, and the Supreme Court Commissioner denied review. (*Id.*, Exs. 25 and 26.) A certificate of finality was issued in petitioner's third personal restraint proceedings in December 2009. (*Id.*, Ex. 27.)

The King County judgments at the core of this federal habeas proceeding were entered in March 2009 (cause number 04-1-03199-7) and June 2009 (cause number 06-1-07090-5).[1] (*Id.*, Exs. 1 and 2.) Petitioner appealed both judgments to the Washington Court of Appeals, and the cases were consolidated for review. (*See* Dkt. 20, Exs. 4 and 32-35.) On July 16, 2012, the Court of Appeals issued a published opinion affirming both judgments. (*Id.*, Ex. 4.) Petitioner thereafter filed a petition for review in the Washington Supreme Court, and that court denied review without comment on March 7, 2013. (*Id.*, Exs. 40 and 41.) The Court of Appeals issued its mandate terminating direct review on November 1, 2013. (*Id.*, Ex. 42.)

---

[1]  Though petitioner is effectively challenging three judgments in this action, the two 2009 judgments are identified in the petition as the ones under attack here, while the 1985 judgment is the basis of one of petitioner's four grounds for relief from the 2009 judgments. (*See* Dkt. 5 at 1 and 10.)

REPORT AND RECOMMENDATION
PAGE - 4

In October 2014, petitioner filed a personal restraint petition in the Washington Court of Appeals challenging his 2009 convictions, and that court dismissed the petition on January 28, 2016. (Dkt. 22, Exs. 48 and 52.)  Petitioner thereafter sought review in the Washington Supreme Court.  (Dkt. 20, Ex. 44.)  The Supreme Court Commissioner issued a ruling denying petitioner's motion for discretionary review on August 18, 2016, and the Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on December 23, 2016.  (Dkt. 22, Ex. 53.)

In May 2016, petitioner filed a motion for relief from judgment in King County Superior Court challenging his legal financial obligations in relation to his 2009 judgments.  (Dkt. 20, Ex. 46.)  That motion was transferred to the Washington Court of Appeals for consideration as a personal restraint petition.  (*Id.*, Ex. 47.)  Petitioner's collateral proceedings regarding his legal financial obligations apparently remaining pending in the state courts at this time.  The pendency of those proceedings in no way impacts this federal habeas proceeding.

Petitioner now seeks federal habeas review of his conviction.  Petitioner signed his petition on August 23, 2016, and this Court received the petition for filing on August 29, 2016.  (*See* Dkt. 1.)

## GROUNDS FOR RELIEF

Petitioner identifies the following four grounds for relief in his federal habeas petition:

**GROUND ONE**:  Ineffective Assistance of Counsel & Serious Conflict of Interest by Forcing Guilty Plea.

**GROUND TWO:**  Prosecutor Misconduct by Withholding Favorable Evidence & Knowingly using Perjury.

**GROUND THREE:**  Judge Abused her Discretion by not ordering New Counsel or Appointing Pro Se Status, & Shackles, & ER 105 Limitation.

**GROUND FOUR:**  The Prior Convictions used under ER 404(b) & to Enhance The Sentence are Invalid.

REPORT AND RECOMMENDATION
PAGE - 5

(Dkt. 5 at 5, 7, 8 and 10.)

DISCUSSION

Respondent argues in his answer to petitioner's federal habeas petition that the petition is barred under the federal statute of limitations, 28 U.S.C. § 2244(d), because petitioner did not file his petition within one year after the challenged judgments became final.  (Dkt. 18 at 9-11.) Respondent also argues that petitioner failed to properly exhaust one his four federal habeas claims (Ground Four) in the state courts, and that the claim is now barred under an independent and adequate state law.  (*Id*. at 7.)  Respondent asserts, however, that the Court need not resolve the procedural bar issue because the petition is barred under the statute of limitations.[2]  (*Id*.) Petitioner, in his response to respondent's answer, argues that he is entitled to equitable tolling of the limitations period.  (*See* Dkt. 23 at 1-2.)

Statute of Limitations

Pursuant to § 2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court.   The one year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer.  28 U.S.C. § 2244(d)(1)(A).  In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court.  *See Bowen v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

---

[2]  Respondent argues as well that petitioner cannot challenge his 1985 judgment (as he attempts to do in Ground Four) because he is no longer in custody under that judgment, and because this Court previously dismissed with prejudice a federal habeas petition challenging that judgment. (*See* Dkt. 18 at 11-13.)  These additional arguments were offered in the event the Court does not dismiss the petition under the federal statute of limitations.  (*Id*. at 13.) Because this Court concludes that petitioner's federal habeas petition is, in fact, time barred, it does not address respondent's additional arguments, nor does it address petitioner's related request to stay this action while he seeks permission from the Ninth Circuit Court of Appeals to file a successive petition challenging his 1985 judgment.

REPORT AND RECOMMENDATION
PAGE - 6

1    The Washington Supreme Court denied petitioner's petition for review on direct appeal on

2    March 7, 2013.  (Dkt. 20, Ex. 41.)  Petitioner had 90 days after the entry of that ruling (as opposed

3    to the issuance of the state mandate), or until approximately June 5, 2013, to file a petition for a

4    writ of certiorari in the United States Supreme Court.  *See* Rules 13.1 and 13.3 of the Rules of the

5    Supreme Court of the United States.  Because petitioner did not file a petition for certiorari, his

6    conviction became final on or about June 5, 2013.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's one

7    year statute of limitations began to run on the following day, and expired on June 5, 2014.  *See*

8    *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

9    The one year limitation period is tolled for any "properly filed" collateral state challenge

10   to the state conviction.  28 U.S.C. § 2244(d)(2).  While petitioner did file a personal restraint

11   petition challenging his 2009 judgments in the state courts, he did not do so until October 2014,

12   months after the statute of limitations had already expired.  Thus, petitioner's personal restraint

13   petition could not have acted to toll the limitations period.

14   The statute of limitations governing federal habeas petitions is also subject to equitable

15   tolling.  *Holland v. Florida*, 560 U.S. 631 (2010).  However, the Ninth Circuit has made clear that

16   equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger

17   equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v.*

18   *Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  A petitioner bears the burden of showing that

19   equitable tolling should be applied.  *Id*. at 1065.

20   In order to receive equitable tolling, a petitioner must show "(1) that he has been pursuing

21   his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v.*

22   *DiGuglielmo*, 544 U.S. 408, 418 (2005).  A petitioner must establish that the extraordinary

23   circumstance was caused by an external impediment and, thus, was beyond his control.  *See Bryant*

REPORT AND RECOMMENDATION
PAGE - 7

*v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) ("[a] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence"). A petitioner must also establish that the extraordinary circumstance asserted was, in fact, the reason why the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003).

Petitioner argues in his response to respondent's answer that he is entitled to equitable tolling of the limitations period because he was given "false information" by his appellate counsel as to the date the statute of limitations began to run for purposes of filing a federal habeas petition. (*See* Dkt. 23 at 1-2.) According to petitioner, his appellate counsel advised him that the one year period started to run from the date of issuance of the mandate on direct appeal, just as it would for a state collateral petition, and that the limitation period would be tolled during the pendency of a state collateral petition. (*Id*. at 2.)

Respondent argues that appellate counsel's alleged misstatement to petitioner regarding the commencement of the statute of limitations would not entitle petitioner to equitable tolling. (*See* Dkt. 24 at 3.) Respondent is correct. The Ninth Circuit has made clear that "run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). *See also*, *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of limitations period by counsel does not constitute extraordinary circumstance sufficient to warrant equitable tolling). The Ninth Circuit explained in *Luna* that "[m]istakes of this sort, which amount to nothing more than 'garden variety' negligence, are deemed too routine and unremarkable to warrant equity's intervention." *Luna*, 784 F.3d at 646 (citing *Holland*, 560 U.S. at 651-52). The alleged misstatement by petitioner's appellate counsel regarding commencement of the limitation period for federal habeas actions falls squarely within the category of "run-of-the mill mistakes" which the Ninth Circuit

REPORT AND RECOMMENDATION
PAGE - 8

has made clear do not warrant equitable tolling.

Because petitioner did not sign and mail his federal habeas petition until August 23, 2016, over two years after the statute of limitations expired on June 5, 2014, and because petitioner has not demonstrated that he is entitled to either statutory or equitable tolling of the limitations period, his petition is time-barred. And, given that the petition is clearly time-barred, this Court need not reach the procedural default issue raised by respondent in his answer to the petition.

Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition, and this action, be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied, and that petitioner's pending motions for an evidentiary hearing and for appointment of counsel be stricken as moot. A proposed order accompanies this Report and Recommendation.

/ / /

REPORT AND RECOMMENDATION
PAGE - 9

<u>OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **<u>April 21, 2017</u>**.

DATED this <u>29th</u> day of March, 2017.


Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10